UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TASHEENA C. RIEHEMANN (previously Tasheena Davis),

Plaintiff,

v.

WASHINGTON MUTUAL BANK, FA dba WASHINGTON MUTUAL MORTGAGE-WA, et al.

Defendants.

Case No.  C06-5442RJB

ORDER GRANTING SUMMARY JUDGMENT IN PART AND DISMISSING STATE CLAIMS WITHOUT PREJUDICE

This matter comes before the Court on Defendant's Motion for Summary Judgment and 12(b)(6) Dismissal.  Dkt. 26.  The Court has considered the pleadings filed in support and in opposition to the motions and the remainder of the file herein.

**I. BACKGROUND**

On August 4, 2006, Plaintiff filed a Complaint for Intentional Infliction of Emotional Distress, Wrongful Foreclosure, Slander of Title and Credit Impairment, Violation of the Consumer Protection Act, and Violation of the Fair Credit Reporting Act ("FCRA") in the United States

ORDER GRANTING SUMMARY JUDGMENT IN PART AND DISMISSING STATE CLAIMS WITHOUT PREJUDICE - 1

District Court for the Western District of Washington. Dkt. 1. The Court exercised jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claim for violation of the FCRA involves a federal question. The Court exercised supplemental jurisdiction over the remaining state claims pursuant to 28 U.S.C. § 1367(a).

Plaintiff originally named WMB and Professional Foreclosure Corporation of Washington ("PFCW") as defendants. *Id.* On October 5, 2006, the parties stipulated to the dismissal of PFCW from this action. Dkt. 16, at 1-2. On October 27, 2006, the Court dismissed Plaintiff's claims against PFCW without prejudice and without costs. *Id.*

On August 16, 2007, WMB filed a Motion for Summary Judgment and 12(b)(6) Dismissal. Dkt. 26. On September 5, 2007, Plaintiff filed a Response to the Motion for Summary Judgment and 12(b)(6) Dismissal. Dkt. 30. In her response, Plaintiff stipulated to the dismissal of her claim for violation of the FCRA. *Id.*, at 23.

On September 13, 2007, the Court issued an Order for Further Briefing. Dkt. 34. In light of Plaintiff's stipulation agreeing to dismissal of the FCRA claim, the Court instructed Plaintiff to inform the Court as to whether she maintained any causes of action under federal law. *Id.*, at 2. The Court also informed the parties that if, after consideration of the motions and briefings before the court, it was determined that no federal question remained, the Court may consider dismissing any remaining state claims without prejudice. *Id.*, at 3. The parties were given an opportunity to respond to that issue. *Id.*

In her supplemental briefing, Plaintiff informed the Court that she does not have any claims premised under federal law. Dkt. 35, at 11. Plaintiff also informed the Court that her "Slander of Title and Credit Impairment" claim should now be stated as only "Slander of Title." *Id.*, at 2. In its supplemental briefing, WMB informed the Court that WMB's preemption challenge to Plaintiff's CPA claims is based solely on Washington state law. Dkt. 37, at 5. WMB stated that it is not taking

ORDER GRANTING SUMMARY JUDGMENT IN PART AND DISMISSING STATE CLAIMS WITHOUT PREJUDICE - 2

the position that federal law preempts Plaintiff's CPA claims. *Id.*

## II. DISCUSSION

### A. DISMISSAL OF CLAIMS RELATED TO CREDIT REPORTING

Plaintiff stipulates to the dismissal of her violation of the FCRA claim and her credit impairment claim. Dkt. 30; Dkt. 35, at 2. The Court should dismiss these claims with prejudice.

### B. REMAINING STATE CLAIMS

Under 28 U.S.C. § 1367(c)(3), federal district courts may decline to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction. "It is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." *Harrell v. 20th Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). If either party urges the Court to exercise jurisdiction over pendent state claims, the Court should determine whether retaining jurisdiction is appropriate. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

The Court originally exercised jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's action involved a federal question, and neither party has offered any other basis for the Court to exercise jurisdiction over this action. Plaintiff's only cause of action under federal law was the violation of FCRA claim, and the remaining claims are state claims. Plaintiff has stipulated to the dismissal of the FCRA claim, and Defendant's motion for dismissal now involves only state law. No federal question remains.

Neither party has urged the Court to exercise supplemental jurisdiction and adjudicate the state law claims, so an analysis under *United Mine Workers of America* is not necessary. The Court should dismiss Plaintiff's remaining claims without prejudice, and Plaintiff may file the remaining claims in state court. Defendant's motion for summary judgment as to Plaintiff's state claims is moot, and the motion should be denied as to those claims.

### III.  ORDER

Therefore, it is hereby ORDERED that Defendant's Motion for Summary Judgment and 12(b)(6) Dismissal (Dkt. 26) is GRANTED, IN PART, as to Plaintiff's claims for Violation of the Fair Credit and Reporting Act and Credit Impairment.  Those claims are DISMISSED WITH PREJUDICE.  Defendant's Motion for Summary Judgment and 12(b)(6) Dismissal (Dkt. 26) is DENIED WITHOUT PREJUDICE as to Plaintiff's Intentional Infliction of Emotional Distress, Wrongful Foreclosure, Slander of Title, and Violation of Consumer Protection Act.  Those claims are DISMISSED WITHOUT PREJUDICE.

DATED this 25th day of September, 2007.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING SUMMARY JUDGMENT IN PART AND DISMISSING STATE CLAIMS WITHOUT PREJUDICE - 4